11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Rodney Walter Tinch

Appellant

Vs.                   No.  11-00-00242-CR C Appeal from Collin County

State of Texas

Appellee

 

                                                                     On
Remand

The jury
convicted appellant of aggravated assault, and the trial court assessed his
punishment at ten years confinement.  On
June 7, 2001, this court issued an opinion affirming appellant=s conviction.  On January 16, 2002, the Court of Criminal Appeals remanded this
cause for consideration in light of Mata v. State, 46 S.W.3d 902
(Tex.Cr.App.2001).  We affirm.

Appellant
was involved in a collision in which the pickup he was driving turned into the
path of a car, and the two vehicles collided. 
Trooper Mike Smith testified at trial that the cause of the collision
was appellant=s Aintoxication and [failure] to yield right-of-way to turn left.@ 
After the collision, appellant left his pickup and walked away.  He was found at his mother=s residence approximately 30 minutes after
the collision.  Appellant was charged
with two counts of intoxication assault and two counts of aggravated assault;
however, at trial the State abandoned the counts on intoxication assault.  

At trial,
the State offered evidence of retrograde extrapolation to show appellant=s blood alcohol level at the time of the
accident.  In our original opinion, we
found that the trial court did not err in admitting the evidence of retrograde
extrapolation. The day before we handed down our opinion, the Court of Criminal
Appeals in Mata set forth factors to be considered in determining the
reliability of retrograde extrapolation. 
We, therefore, reconsider our determination that the trial court did not
err in admitting evidence of retrograde extrapolation.








In Mata,
the Court of Criminal Appeals stated that a court evaluating the reliability of
a retrograde extrapolation should consider: (1) the length of time between the
offense and the tests administered; (2) the number of tests given and the
length of time between each test; and (3) whether, and if so to what extent,
any individual  characteristics of the
defendant were known to the expert in providing his extrapolation.  Mata v. State, supra at 916.  The Mata court explained that:

These
characteristics and  behaviors might
include, but are not limited to, the person=s weight and gender, the person=s typical drinking pattern and tolerance for alcohol, how much the
person had to drink on the day or night in question, what the person drank, the
duration of the drinking spree, the time of the last drink, and how much and
what the person had to eat either before, during, or after the drinking.

 

The record
shows that the accident occurred at approximately 8:40 p.m. and that appellant=s blood 
was taken at the hospital at 1:50 a.m. 
The test using appellant=s blood serum revealed a blood alcohol level of 109 milligrams per
deciliter, which equals a blood alcohol concentration of .109.  Because there was a significant length of
time between the accident and the time the blood was drawn, the reliability of
the retrograde extrapolation was seriously affected.  Mata v. State, supra.  The
expert would need to know many personal characteristics and behaviors of the
defendant to result in an accurate retrograde extrapolation.  Mata v. State, supra.

Ronald D.
Oliver, a technical supervisor in the breath-alcohol testing program for the
Dallas County Medical Examiner=s Office, testified at trial. 
In applying the retrograde extrapolation, Oliver was asked to assume
that a A250-pound male whose last drink is between
8:35 and 8:40 p.m.; [that the] last drink was a bottle of beer, about 12
ounces; that blood was...taken at 1:50 a.m.; and that the result of that was
109 milligrams per deciliters.@  Oliver was further asked to
assume an average rate of elimination, which he had testified was a .02 alcohol
concentration decrease per hour.  Oliver
stated that, under the facts given, the blood alcohol concentration at 8:35
p.m. would be .200  if the person had a
full stomach and would be about .21 if on an empty stomach.  Oliver also stated that the number would be
a little lower when testing the blood serum.








The record
does not establish appellant=s weight, how much he had to drink, what he had to drink, the time of
his last drink, and what he had to eat. 
Oliver was asked to apply retrograde extrapolation using
assumptions.  Applying Mata, we
find that the factors weigh against a finding that Oliver=s retrograde extrapolation was reliable.  Therefore, the trial court abused its
discretion in admitting Oliver=s testimony, and we must now conduct a harm analysis.  

We must
determine whether the error in admitting the testimony affected appellant=s substantial rights.  TEX.R.APP.P. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury's verdict.  Morales v. State, 32 S.W.3d
862 (Tex.Cr.App.2000); King v. State, 953 S.W.2d 266 (Tex.Cr.App.1997). A
criminal conviction should not be overturned for non‑constitutional error
if the appellate court, after examining the record as a whole, has fair
assurance that the error did not influence the jury or that the error had but a
slight effect. Schutz v. State, 63 S.W.3d 442 (Tex.Cr.App.2001); Morales v.
State, supra; Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App.1998).  This means we examine Aeverything in the record, including testimony
and physical evidence, the nature of the evidence supporting the verdict, and
the character of the error and its relationship to other evidence.@ 
Schutz v. State, supra at 444.

Appellant
was convicted of aggravated assault, and the jury was not required to find that
he was intoxicated at the time of driving in order to convict him. However,
because evidence of intoxication could have influenced the jury=s finding that appellant intentionally,
knowingly, or recklessly caused serious bodily injury to the victims, we must
determine the effect of the retrograde extrapolation evidence on the jury=s verdict. 
Trooper Smith testified at trial that he believed appellant lost the
normal use of his mental and physical faculties by the introduction of alcohol
into his body and that, because of the introduction of alcohol into his body,
appellant was involved in a collision and 
recklessly caused serious bodily injury to the victims.  Trooper Smith stated that, when he found
appellant at appellant=s
mother=s home shortly after the collision, appellant
stated: A[G]et that cowboy motherf- - - -r out of
here.@ 
Trooper Smith observed that appellant had a laceration on his forehead
and that he had red glassy eyes and a strong odor of alcohol.  Trooper Smith also testified that a bottle
of beer with a koozie was found in appellant=s pickup as well as a A12 or 24-pack of beer carton.@








Craig
Zale, a volunteer for the Lucas Fire Department, testified that appellant had a
strong smell of alcohol and seemed incoherent and dazed, but not confused.  Zale stated that appellant had slightly
slurred speech, but he did not form an opinion as to whether appellant was
intoxicated.  Kevin Reynolds, a
paramedic for East Texas EMS, testified that appellant smelled of alcohol and
that he believed appellant was intoxicated. 
Reynolds stated that appellant was belligerent and uncooperative.  A nurse who treated appellant at the
emergency room also testified that appellant smelled of alcohol and was
uncooperative.  

Appellant
also presented evidence from his own expert witness to rebut the State=s evidence on retrograde extrapolation.  Gary Harold Wimbish, president of Forensic
Toxicology Consultants,  testified that
he has a Ph.D in toxicology and that he is board certified in forensic
toxicology.  Wimbish was asked to give
his opinion on a person=s blood alcohol content at the time of driving who weighed 250 pounds,
whose blood alcohol content was .109 five hours after driving, who had a beer
at approximately 8:35 p.m., who had experienced trauma, and who had a full
stomach.  Wimbish stated that he did not
have enough information to give an opinion on what the retrograde extrapolation
would be under those facts.  Wimbish was
able to testify that, assuming delayed absorption, a full stomach, and trauma,
there would be little change in the blood alcohol concentration during that
period of time and that the amount would be under .10 at the time of the
collision.  Wimbish explained that trauma
slows the absorption rate of alcohol.  

Viewing
the record as a whole, we find that the admission of Oliver=s testimony on retrograde extrapolation did
not have a substantial and injurious effect or influence in the jury's finding
that appellant committed aggravated assault. 
The charge to the jury set forth the elements of aggravated assault that
the jury had to find beyond a reasonable doubt before rendering a verdict of
guilty.  Intoxication is not an
element.  We presume that the jury
followed the trial court=s instructions.  Hutch v. State,
922 S.W.2d 166 (Tex.Cr.App.1996); Rose v. State, 752 S.W.2d 529, 554
(Tex.Cr.App.1987).  The jury heard
evidence that appellant turned his vehicle into the path of an oncoming car.  The jury heard evidence other than that
of  retrograde extrapolation that
appellant was intoxicated and that he recklessly caused the collision.  Appellant also presented his own expert
testimony on retrograde extrapolation which discredited Oliver=s application of retrograde
extrapolation.  Finally, the prosecutor
did not emphasize the retrograde extrapolation evidence in her  final argument.  








The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

May 23, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.